UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
───────────────────────────────────────

CERTAIN UNDERWRITERS AT LLOYD'S, LONDON,
INDIAN HARBOR INSURANCE
COMPANY, QBE SPECIALTY INSURANCE
COMPANY, STEADFAST INSURANCE COMPANY,
GENERAL SECURITY INDEMNITY COMPANY OF
ARIZONA, UNITED SPECIALTY INSURANCE
COMPANY, LEXINGTON INSURANCE COMPANY,
PRINCETON EXCESS AND SURPLUS LINES
INSURANCE COMPANY, HDI GLOBAL SPECIALTY SE,
and OLD REPUBLIC UNION INSURANCE COMPANY,

|  |  |  |
|---|---|---|
| | Petitioners | Civil Action No. |
| | v. | |
| COMMERCE EQUITIES, INC. | | |
| | Respondent. | |

───────────────────────────────────────

## PETITION FOR ORDER DESIGNATING AND
## APPOINTING AN ARBITRATION UMPIRE

Petitioners, Certain Underwriters at Lloyd's, London ("Underwriters"), Indian Harbor

Insurance Company ("Indian Harbor"), QBE Specialty Insurance Company ("QBE"), Steadfast

Insurance Company ("Steadfast"), General Security Indemnity Company of Arizona ("GSIC"),

United Specialty Insurance Company ("USI"), Lexington Insurance Company ("Lexington"),

Princeton Excess and Surplus Lines Insurance Company ("Princeton Excess"), and HDI Global

Specialty SE, formerly known as International Insurance Company of Hannover SE ("HDI"),

and Old Republic Union Insurance Company ("Old Republic") (collectively hereinafter,

"Petitioners"), by their attorneys, Mound Cotton Wollan & Greengrass LLP, allege as follows for

their petition against Respondent Commerce Equities, Inc. ("Commerce Equities").

## **NATURE OF PROCEEDING**

Pursuant to § 5 of the Federal Arbitration Act (the "FAA"), 9 U.S.C. §§ 1 *et seq.*, and § 206 of the Convention on the Recognition and Enforcement of Foreign Arbitral Awards (the "Convention"), codified at 9 U.S.C. §§ 201 *et seq.*, Petitioners seek this Court's assistance in the designation and appointment of an umpire in an arbitration proceeding. Respondent Commerce Equities refuses to proceed in accordance with the terms of the arbitration provision in the selection of a third arbitrator, i.e., the umpire. Petitioners, therefore, respectfully request that the Court issue an order designating and appointing an arbitration umpire or, in the alternative, directing the parties to mutually agree within thirty (30) days on one of three qualified umpire candidates selected by the Court , so that the arbitration can proceed without further delay.

## **PARTIES**

1.      Underwriters, is a collection of insurance syndicates organized under the laws of the United Kingdom.

2.      Indian Harbor is a Delaware corporation with its principal place of business in Stamford, CT.

3.      QBE is a North Dakota corporation with its principal place of business is in Sun Prairie, WI.

4.      Steadfast is a Delaware corporation with its principal place of business in Schaumberg, IL.

5.      GSIC is an Arizona corporation with its principal place of business in New York, NY.

6.      Lexington is a Delaware corporation with its principal place of business in Boston, MA.

7.      USI is a Delaware corporation with its principal place of business in Bedford, TX.

8.      Princeton Excess is a Delaware corporation with its principal place of business in Princeton, NJ.

9.      HDI is a German corporation with its principal place of business in Hannover, Germany.

10.     Old Republic is an Illinois corporation with its principal place of business in Chicago, IL

11.     Upon information and belief, Commerce Equities is a domestic for-profit corporation with a principal place of business in Harris County, Texas.

## JURISDICTION AND VENUE

12.     This Petition is submitted under Chapter 1 (9 U.S.C. §§ 1-16) and Chapter 2 (9 U.S.C. §§ 201-208) of the FAA. Chapter 2 provides for the enforcement of the Convention.

13.     Section 5 of the FAA provides in relevant part:

If in the agreement provision be made for a method of naming or appointing an . . . umpire, such method shall be followed; but if no method be provided therein, or if a method be provided and any party thereto shall fail to avail himself of such method, or if for any other reason there shall be a lapse in the naming of an . . . umpire, or in filling a vacancy, then upon the application of either party to the controversy the court shall designate and appoint an . . . umpire. . . .

14.     Section 206 of the Convention provides:

A court having jurisdiction under this chapter may direct that arbitration be held in accordance with the agreement at any place therein provided for, whether that place is within or without the United States. Such court may also appoint arbitrators in accordance with the provisions of the agreement.

Further, § 208 of the Convention provides:

3

> Chapter 1 [of the FAA] applies to actions and proceedings brought under this chapter to the extent that chapter is not in conflict with this chapter or the Convention as ratified by the United States.

15.     This Court has jurisdiction under 28 U.S.C. § 1331 because 9 U.S.C. § 203 deems any proceeding under the Convention as arising under the laws and treaties of the United States for which federal district courts have original jurisdiction, regardless of the amount in controversy.

16.     The arbitration agreement falls under the Convention because it arises out of a legal relationship between Petitioners and Commerce Equities that is considered commercial and is not entirely between citizens of the United States.

17.     Venue is proper in this district under 28 U.S.C. § 1391 and 9 U.S.C. § 4, as well as under 9 U.S.C. § 204. The applicable contract designates New York, NY as the place of the arbitration. It states:

> The seat of the Arbitration shall be in New York and the Arbitration Tribunal shall apply the law of New York as the proper law of this insurance.

## BACKGROUND

18.     This action involves an insurance coverage dispute arising out of a claim made by Commerce Equities in or around August 27, 2017 under a commecial property insurance program, effective May 15, 2017 through May 15, 2018 ("the Policy"), relating to wind damage at Commerce Equities residential apartment complex at 11144 Fuqua Street, Houston, Texas from Hurricane Harvey ("the Claim")

19.     Petitioners investigated the damage and made a $1 million advance, which they ultimately determined was in excess of the covered claim amount net of the Policy's $973,000.00 Named Windstorm deductible.

20.     Respondent disagreed with Petitioners' claim assessment and demanded payment of over $9.7 million.

21.     By letter dated July 8, 2019, Phelps Dunbar, LLP on behalf of Petitioners rejected Respondent's demand and invoked their right to arbitration under the Policy's arbitration provision.

22.     The Policy provides for arbitration as follows:

> C.     ARBITRATION CLAUSE: All matters in difference between the insured and the Companies (hereinafter referred to as "the parties") in relation to this insurance, including its formation and validity, and whether arising during or after the period of this insurance, shall be referred to an Arbitration Tribunal in the manner hereinafter set out.

> Unless the parties agree upon a single Arbitrator within thirty days of one receiving a written request from the other for Arbitration, the Claimant (the party requesting Arbitration) shall appoint his Arbitrator and give written notice thereof to the Respondent. Within thirty days or [sic] receiving such notice, the Respondent shall appoint his Arbitrator and give written notice thereof to the Claimant, failing which the Claimant may nominate an Arbitrator on behalf of the Respondent.

> Should the Arbitrators fail to agree, they shall appoint, by mutual agreement only, an Umpire to whom the matter in difference shall be referred.

> Unless the parties otherwise agree, the Arbitration Tribunal shall consist of persons employed or engaged in a senior position in Insurance underwriting or claims.

> The Arbitration Tribunal shall have power to fix all procedural rules for the holding of the Arbitration including discretionary power to make orders as to any matters which it may consider proper in the circumstances of the case with regard to pleadings, discovery, inspection of documents, examination of witnesses and any other matter whatsoever relating to the conduct of the Arbitration and may receive and act upon such evidence whether oral or written strictly admissible or not as it shall in its discretion think fit.

> All costs of the Arbitration shall be in the discretion of the Arbitration Tribunal who may direct to and by whom and in what manner they shall be paid.
>
> The seat of the Arbitration shall be in New York and the Arbitration Tribunal shall apply the law of New York as the proper law of this insurance.
>
> The Arbitration Tribunal may not award exemplary, punitive, multiple or other damages of a similar nature.
>
> The award of the Arbitration Tribunal shall be in writing and binding upon the parties who covenant to carry out the same. If either of the parties should fail to carry out any award the other may apply for its enforcement to a court of competent jurisdiction in any territory in which the party in default is domiciled or has assets or carries on business.

Policy, Section VII, ¶ C at p. 26 of 48 at Exhibit "A" hereto (underline supplied).

23.    On February 12, 2020, Petitioners designated Dan Kohane, a lawyer based in Buffalo, New York, as their arbitrator.

24.    On March 13, 2020, Respondent appointed Johnathan Lerner, a New York City based lawyer, as its arbitrator.

25.    By email dated May 21, 2020, Respondent's arbitrator, Johnathan Lerner, wrote to Petitioners' arbitrator, Dan Kohane, and proposed three Texas-based umpires, Paul J. Van Osselaer, Hon Mark Davidson, and Hon. Joseph Halbach.[1] In that email, Mr. Lerner acknowledged that the arbitration is to be conducted in New York.

---

[1] Based on the information that is publicly available, neither Judge Davidson nor Judge Halbach appears to have experience serving as an arbitration umpire. See https://www.tadhalbach.com/ and https://www.justex.net/Courts/Civil/CourtSection.aspx?crt=62&sid=245. Nor does it appear that they have familiarity with New York insurance law or insurance coverage disputes.

26.     In an email dated May 28, 2020, Mr. Kohane rejected the three Texas-based umpire candidates and counter-proposed three New York umpires,  Judge Helen Freedman, Andrew Nadolna, and Lawrence Pollack.[2]

27.     Mr. Kohane also pointed out to Mr. Lerner in that email that he had previously asked if Mr. Lerner would agree to a New York umpire with an engineering background.  Mr. Lerner rejected that proposal.

28.     On June 8, 2020, Mr. Lerner rejected all three of Mr. Kohane's proposed umpires, insisting that the umpire be from Texas and asked that Mr. Kohane re-consider his position.

29.     On June 8, 2020, Mr. Kohane advised Mr. Lerner that he would not reconsider his position and Mr. Kohane stood firm that, because the arbitration is to be conducted in New York, the umpire should be located in the New York area.

30.     There have been no further discussions between the arbitrators since June 8, 2020 and, thus, there has been a lapse in the naming of an umpire that requires the Court's intervention under Section 5 of the FAA.

## CLAIM FOR RELIEF

31.     Petitioners repeat and re-allege the allegations contained in paragraphs 1 through 30 as if fully set forth herein.

32.     Section 5 of the FAA states that if the applicable contract contains a provision for appointing an umpire, "such method shall be followed," but if a party fails to "avail himself of such method, . . . then upon the application of either party to the controversy the court shall designate and appoint" an umpire.

---

[2] Petitioners' three candidates are experienced arbitration umpires skilled in the resolution of insurance coverage disputes and New York insurance law.  See, e.g.  https://www.jamsadr.com/nadolna/; https://www.jamsadr.com/pollack/; and https://www.jamsadr.com/freedman/.

33.     Section 206 of the Convention similarly provides that a court "may . . . appoint arbitrators in accordance with the provisions of the agreement" and § 208 makes the FAA applicable to actions brought under the Convention to the extent the FAA is not in conflict with the Convention.

**WHEREFORE**, Petitioners respectfully request that this Court

(i) Designate and appoint an umpire;

(ii) Retain jurisdiction over this matter until an umpire is selected and a complete panel of arbitrators is formally constituted; and

(iii) Award Petitioners such other and further relief as the Court deems just and proper.

Dated:  New York, New York
        July 20, 2020

MOUND COTTON WOLLAN &
GREENGRASS LLP


By:   s/Emilie Bakal-Caplan
      Jeffrey S. Weinstein
      Emilie Bakal-Caplan
      One New York Plaza
      New York, NY 10004
      Tel. (212) 804-4200
      Fax (212) 344-8066
      jweinstein@moundcotton.com
      ebakal_caplan@moundcotton.com


*Attorneys for Petitioners, Certain Underwriters at Lloyd's of London, Indian Harbor Insurance Company, QBE specialty Insurance Company, Steadfast Insurance Company, General Security Indemnity Company of Arizona, United Specialty Insurance Company, Lexington Insurance Company, Princeton Excess and Surplus Lines*

8

*Insurance Company, HDI Global Specialty SE and
Old Republic Union Insurance Company*